## MEASURE OF DAMAGES UNDER A BREACH OF CONTRACT.

Circuit Court of Summit County.

THE NATIONAL MILLING COMPANY v. CHARLES G. CRAFT.

Decided, October 12, 1912.

*Contracts—Damages—Construction of Provision for Resale of Goods.*

Where a contract for the sale of goods contains a provision that should
the goods be resold the seller agrees to use care and diligence in
selling in those markets that will, in his judgment, net the best
figures, charging therefor a certain commission, such provision
contemplates an act of reselling under a subsisting contract and
does not apply so as to affect the measure of damages where the
purchaser has repudiated the entire contract.

*Jas. A. Ford* and *H. L. Snyder,* for plaintiff in error.
*Auten & Ormsby* and *Chas. H. Stahl,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The action out of which this proceeding in error arises was
begun by the plaintiff, the National Milling Company, in the
court of common pleas, to recover damages of the defendant,
Charles G. Craft, for breach of contract to purchase 750 barrels
of flour.

The evidence before us in the bill of exceptions shows that on
May 22, 1910, the defendant gave to the plaintiff an optional
order for 750 barrels of Osota flour at $5.25 per barrel. The order
was accepted by the plaintiff on October 31, 1910. By the terms
of the order shipment of the flour was to be made between Decem-
ber, 1910, and May 1, 1911. After acceptance of the order by the
plaintiff and before the expiration of the time fixed in the order
for shipment of the flour, the defendant repudiated the contract
and refused to receive the flour or to give directions for its ship-
ment. The plaintiff in its original action sought to recover
$637.50 damages for breach of contract.

On the trial of the action the court instructed the jury to re-
turn a verdict for the plaintiff, and laid down a rule of dam-

ages, which will be considered hereafter. The jury returned a verdict of $75 on which judgment has been duly entered.

The plaintiff in error seeks a reversal of this judgment in its favor on two grounds. First, that the court erred in charging on the measure of damages; second, that the court erred in not granting the motion of the plaintiff below for a new trial on the ground that there was error in the amount of the recovery, the claim being that the verdict is too small.

Considering these grounds of error in their order, our attention is challenged to the rule of damages, laid down by the court in the following language:

"In assessing the damages due the plaintiff, you will follow this rule, if there was an available market for the goods in question the measure of damages is the difference between the contract price and the market or current price on May 1, 1911. If you find that there was no available market price, or if you find that there were special circumstances showing proximate damages of a greater amount, then the measure of damages is the estimated loss directly and naturally resulting in the ordinary course of events from the defendant's failure to take the goods as agreed."

This portion of the charge is based upon the provisions of Section 8444, General Code, which prescribes the measure of damages in case the buyer wrongfully neglects or refuses to accept and pay for the goods contracted for. It correctly states the law of this state and is applicable to the facts in evidence unless, as is claimed by the plaintiff in error, another element of damages should have been included by reason of that provision of the contract between the parties which reads as follows:

"Should this flour or feed be resold, the seller agrees to use care and diligence in selling in those markets that will, in his judgment, net the best figures, charging 10 cents for one barrel commission besides other expenses actually incurred."

The trial court took the position that this provision of the contract did not bind the defendant to any different rule of damages than that provided in the statute and we concur in this view. The provision in question contemplates an act of reselling

under a subsisting contract and does not apply where the buyer has absolutely repudiated the contract and put an end to all its provisions.

We are of the opinion that the trial court committed no error in the charge complained of.

A consideration of the second ground of error complained of leads us to the conclusion that the jury could not have applied the measure of damages given them, to the evidence in the case. The verdict for $75 is irreconcilable with all the evidence given on the subject of the market value of Osota flour on May 1, 1911. The amount of the verdict indicates that the jury must have found, if the instructions were followed, that the difference between the contract price and the market value per barrel of flour of the kind named in the contract, on May 1, 1911, was only 10 cents. The undisputed evidence shows the difference to have been considerably greater.

We think the verdict on the undisputed facts and under the. law was insufficient in amount, being too small, and therefore, the trial court erred in not granting the plaintiff's motion for a new trial on the ground indicated.

In *Toledo Railway & Light Co.* v. *Mason,* 81 O. S., 463, it was held:

"In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the jury, when it appears upon the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim."

By the fifth subdivision of Section 11576, General Code, when the action is upon a contract, error in the amount of recovery, whether too large or too small, is made a ground for the granting of a new trial.

It follows that the judgment of the court of common pleas must be reversed and the cause remanded for further proceedings according to law.